UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL GIBBS,

    Plaintiff,

v.                                          Case No. 17-cv-1268-pp

SASTA BAZAAR, INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION FOR ATTORNEY'S FEES AND COSTS (DKT. NO. 8), AND DISMISSING CASE**

---

When the defendant failed to file an answer or otherwise respond to the complaint, the plaintiff moved for entry of default. Dkt. No. 7. The clerk of court entered default on November 27, 2017. The plaintiff since has filed a motion for default judgment, attorneys' fees and costs. Dkt. No. 8. To date, the defendant has not appeared. The court will grant the motion.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit, and still did not respond.

The plaintiff filed the complaint on September 20, 2017. Dkt. No. 1. On October 31, 2017, the plaintiff filed an affidavit of service. Dkt. No. 6. The

affidavit indicated that the process server served the summons and complaint on Mohammad A. Patel as the registered agent of the defendant on October 16, 2017. Id. at 2. The affidavit also recounted the steps the process server had taken to find the registered agent and effectuate service. Id.

The summons indicated that within twenty-one days of the date the defendant received service, it must answer. Id. at 1. This means that the defendant's deadline for answering or otherwise responding to the complaint was November 6, 2017. The defendant did not respond, and the plaintiff waited another two weeks, until November 22, 2017, to file the motion for entry of default. Dkt. No. 7.

The court is satisfied that the plaintiff effectuated service, and that the entry of default was proper.

## II. Plaintiff's Motion for Default Judgment

After the entry of default, a plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines a defendant is in default, the court accepts as true the well-pleaded factual allegations in the complaint. eE360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." Id. However, those portions of the default judgment motion relating to the amount of damages and fees must be proven. Yang v. Hardin, 37 F.3d 282, 286 (7th Cir. 1994). Rule 55(b)(2) provides that the district court may conduct hearings or make referrals, if necessary, to determine the amount of damages. Fed. R.

Civ. P. 55(b)(2). Such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." eE360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

The complaint alleges that the defendant violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, when it required, or permitted, him to work more than forty hours a week, but did not compensate him for those excess hours. Dkt. No. 1 at 1. The FLSA requires employers to pay their employees a federal minimum hourly wage. 29 U.S.C. § 206(a)(1). In addition to these minimum wage requirements, the employer must pay an overtime rate of at least one and one-half times the employee's regular wage for any hours worked in excess of forty hours in one week. 29 U.S.C. § 207(a). An employee bears the burden of proving that he performed overtime work for which he was not properly compensated. eE360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

With respect to damages, the FLSA provides that any employer who violates the overtime pay requirement shall be liable in the amount of the "unpaid wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b). In addition to any judgment awarded to the plaintiff, the court may allow a reasonable attorney's fees and costs. Id.


The allegations in the complaint establish a violation of FLSA's overtime provisions. From September 9, 2016 through January 10, 2017, the plaintiff worked for the defendant as a meat cutter. Dkt. No. 1 at 3. On average, the plaintiff worked sixty hours per week, cutting meats in the meat department. Id. The defendant paid the plaintiff $8 per hour for all the hours he worked, regardless of whether those hours were regular or overtime. Id. The defendant set the plaintiff's work schedule, determined his rate of pay and provided payroll and human resources services. Id.

Based on the allegations in the complaint (verified in the plaintiff's declaration, dkt. no. 8-1), the defendant should have paid $12 per hour for the additional twenty hours per week over the period of eighteen weeks. The defendant owes the plaintiff an additional $4 per hour for the twenty hours of overtime per week for eighteen weeks. The plaintiff has established that he is entitled to $1,440, plus a liquidated sum in an equal amount, for a total of $2,880.[1]

The FLSA also allows the court to award attorneys' fees and costs. Attorney James Loren, who represents plaintiffs in FLSA cases throughout the country, submitted a sworn declaration, attesting that his office billed a total of 10.30 hours on the case. Dkt. No. 8-2. Loren's associate performed the majority of the work at her hourly rate of $350 per hour. Id. at 2. Loren also performed work at his hourly rate of $500 per hour. Id. Attorney Loren

---

[1] The complaint also includes an overtime violation under Wis. Stat. §103.02, 103.03 and Wis. Admin. Code DWD §274.03. The plaintiff, however, seeks damages only under the FLSA.

4

explained that his work included review of the file, attending multiple conferences with his client, drafting a demand letter, preparing the summons and complaint, reviewing client documents, conducting a damages analysis, drafting the motion for default and a proposed final judgment. Id. Costs totaled $446.77 ($400 filing fee, $40 service of process fee, and $6.77 for mailing documents). Id. at 2-3. The court finds that the plaintiff has supported his request for fees and costs in the amount of $3,831.27.

**IV.    Conclusion**

The court **GRANTS** the plaintiff's motion for default judgment against defendant Sasta Bazaar, Inc. Dkt. No. 8.

The court **AWARDS** the plaintiff $1,440 in unpaid overtime compensation and an equal amount of $1,440 for liquidated damages. The court **GRANTS** the plaintiff's motion for attorney's fees and costs in the amount of $3,384.50 and costs in the amount of $446.77 for a total amount of fees and costs of $3,831.27. Dkt. No. 8. All sums awarded bear post-judgment interest at the applicable rate. The clerk will enter judgment accordingly.

The court **ORDERS** that the case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 30th day of April, 2018.

<div style="text-align:right">

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

</div>